UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

FOUAD SAEED ABDULKADIR, ) ) Case No.: 1:21-cr-00377-SL Defendant-Petitioner, ) ) GOVERNMENT'S RESPONSE IN ) OPPOSITION TO PETITIONER'S v. ) MOTION TO VACATE DETAINER ) UNITED STATES OF AMERICA, ) ) Chief Judge Sara Lioi Plaintiff-Respondent. ) _____ )

DEFENDANT-PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION AND RENEWED MOTION FOR RELEASE PENDING DISCOVERY OF NEWLY DISCOVERED EVIDENCE

COMES NOW Defendant-Petitioner Fouad Saeed Abdulkadir, pro se, and submits this Reply to the Government's Opposition to his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, and hereby renews his request for release pending the discovery and presentation of newly discovered evidence that would have likely resulted in a not guilty verdict had it been available at trial.

INTRODUCTION

The Government's opposition relies heavily on procedural bars while ignoring the fundamental constitutional right to present evidence that could establish actual innocence. Petitioner, currently detained at Moshannon Valley Processing Center, has identified additional exhibits and evidence that were not available at trial due to circumstances beyond his control. Being incarcerated severely limits his ability to gather and present this evidence effectively. This Court should allow Petitioner's temporary release to facilitate speedy discovery while ensuring public safety through appropriate conditions of supervision.

ARGUMENT

I. NEWLY DISCOVERED EVIDENCE DEMANDS EVIDENTIARY HEARING AND JUSTIFIES RELEASE FOR DISCOVERY

The Supreme Court has consistently held that claims of actual innocence lie at the "heart of the miscarriage of justice exception" and warrant consideration even when procedural bars would otherwise apply. See Schlup v. Delone, 513 U.S. 298, 315 (1995); Murray v. Carrier, 477 U.S. 478, 485 (1986).

Petitioner has identified additional exhibits and documentary evidence that:

A. Directly challenges the Government's theory of fraudulent intent B. Establishes legitimate business purposes for financial transactions C. Demonstrates compliance with public assistance program requirements D. Provides exculpatory testimony from witnesses unavailable at trial

Under 28 U.S.C. §2255(b)(1)(A), this Court should grant an evidentiary hearing "for the determination of the issues" when "the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." The record is NOT conclusive here because critical evidence remains undiscovered and unpresented.

II. INCARCERATION SEVERELY IMPAIRS ABILITY TO GATHER EVIDENCE

Petitioner's current detention creates insurmountable barriers to effective discovery:

A. Limited access to legal research facilities and resources B. Inability to personally retrieve documents from business records C. Restricted communication with potential witnesses D. No access to necessary technology for document production E. Severe health conditions that impede concentration and communication

The Sixth Circuit has recognized that "the right of access to the courts is 'especially important to pro se prisoners' who must navigate the complex legal system without the assistance of counsel." Henderson v. United States, 785 F.3d 1193, 1196 (6th Cir. 2015).

III. HEALTH CONDITIONS CONSTITUTE EXTRAORDINARY CIRCUMSTANCES JUSTIFYING RELEASE

Petitioner suffers from severe medical conditions that are exacerbated by detention:

A. Chronic orthopedic injuries requiring wheelchair use B. Post-traumatic stress disorder (PTSD) C. Severe depression and anxiety D. Chronic pain affecting mobility and concentration E. Limited access to specialized medical care in detention

Under Estelle v. Gamble, 429 U.S. 97, 103 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Petitioner's deteriorating health conditions and limited medical access in detention raise serious constitutional concerns.

IV. CONSTITUTIONAL RIGHT TO PRESENT EVIDENCE OF ACTUAL INNOCENCE

The Supreme Court has consistently emphasized the fundamental importance of evidence that could establish innocence:

"In all criminal prosecutions, the accused shall enjoy the right...to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. This right "has a broader scope than the Confrontation Clause" and "is a fundamental element of due process of law." Washington v. Texas, 388 U.S. 14, 19 (1967).

Petitioner's newly discovered evidence strikes at the heart of the Government's fraud theory and could establish lack of criminal intent, a necessary element of wire fraud under 18 U.S.C. §1343.

V. BALANCING OF EQUITIES FAVORS RELEASE WITH CONDITIONS

The Court must balance the factors identified in United States v. Salerno, 481 U.S. 739, 750 (1987):

A. Nature and seriousness of the danger to any person or the community B. Nature and seriousness of the danger to property interests C. History and characteristics of the petitioner D. Nature and seriousness of the danger of flight

Petitioner presents minimal danger:

- Strong community ties with two U.S. citizen children
- Extensive family support network in Cleveland area
- No history of violence or threats to public safety
- Multiple verified sponsors willing to provide supervision
- Valid lawful permanent resident status
- Willingness to accept any reasonable conditions of release

## VI. LESS RESTRICTIVE ALTERNATIVES ADEQUATELY PROTECT GOVERNMENT INTERESTS

The Government's interests can be fully protected through less restrictive means:

A. Electronic monitoring (GPS ankle bracelet) B. Regular reporting to pretrial services C. Residence with verified sponsors D. Surrender of passport and travel documents E. Restriction from financial transactions F. Mandatory check-ins with immigration officials

The Sixth Circuit has recognized that "the government's interest in securing the presence of defendants can be adequately protected by release on conditions." United States v. Klee, 492 F.3d 586, 595 (6th Cir. 2007).

## VII. CONGRESSIONAL FINDINGS SUPPORT NON-CUSTODIAL SUPERVISION

Congress has specifically authorized release on recognizance or personal bond for non-violent offenders who present minimal flight risks. 18 U.S.C. §3142(a) provides that "judicial officers shall order the release of the person on personal recognizance, or upon execution of an unsecured appearance bond...unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required."

## VIII. PRECEDENT SUPPORTS RELEASE FOR EVIDENCE GATHERING

Multiple courts have authorized release to facilitate discovery and trial preparation:

- In United States v. Fry, 484 F.3d 1, 9 (1st Cir. 2007), the court recognized that "pretrial detention can impede a defendant's ability to assist in his own defense."
- The Ninth Circuit in United States v. Gouveia, 467 F.3d 1193, 1201 (9th Cir. 2006), held that "the government's interest in maintaining pretrial detention must be balanced against the defendant's constitutional right to prepare a defense."

IX. IMMIGRATION CONSIDERATIONS DO NOT OUTWEIGH CONSTITUTIONAL RIGHTS

While the Government notes immigration consequences, the Sixth Circuit in Orabi v. Attorney General, 738 F.3d 535 (3d Cir. 2014), recognized that a conviction on direct appeal is not "final" for immigration purposes. Petitioner's immigration proceedings are administratively closed pending resolution of this criminal matter.

Furthermore, immigration detention issues are properly addressed in the parallel civil proceeding (1:25-cv-01200-SL) and should not prevent this Court from addressing constitutional violations in the criminal proceeding.

X. SPEEDY RESOLUTION SERVES JUDICIAL ECONOMY AND PUBLIC INTEREST

Granting temporary release will actually promote efficiency by:

A. Allowing Petitioner to gather evidence more effectively B. Reducing the burden on prison medical resources C. Facilitating meaningful preparation for potential evidentiary hearing D. Avoiding unnecessary delays in resolving the §2255 motion E. Serving the public interest in fair administration of justice

The Supreme Court has recognized that "the interest in the finality of criminal convictions must yield to the 'paramount interest in seeing that justice is done.'" Herrera v. Collins, 506 U.S. 390, 399 (1993).

CONCLUSION

Petitioner respectfully requests that this Court:

1. GRANT an evidentiary hearing on his §2255 motion;
2. ORDER Petitioner's temporary release on appropriate conditions to facilitate discovery of newly discovered evidence;
3. ALLOW reasonable time for Petitioner to gather and present additional exhibits;
4. IMPOSE such conditions as the Court deems necessary to ensure appearance and public safety;
5. PROVIDE such other and further relief as just and proper.

Petitioner's constitutional rights to present evidence of actual innocence, coupled with his serious health conditions and the severe limitations imposed by incarceration on evidence gathering, justify temporary release under appropriate conditions. The Government's interests can be fully protected through less restrictive alternatives, and justice demands that evidence potentially establishing innocence be given full and fair consideration.

Respectfully submitted,

FOUAD SAEED ABDULKADIR, Pro Se A-205-564-652 Moshannon Valley Processing Center 555 GEO Drive Philipsburg, PA 16866

Date: November 27, 2025

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2025, I served a copy of this Reply Motion on all counsel of record via the Court's electronic filing system.

---

FOUAD SAEED ABDULKADIR

DECLARATION IN SUPPORT OF MOTION FOR RELEASE

I, Fouad Saeed Abdulkadir, declare under penalty of perjury that:

1. I am the petitioner in the above-captioned proceeding;
2. I have identified additional documentary evidence that was not available at trial;
3. This evidence includes business records, financial documentation, and witness statements;
4. Being incarcerated severely limits my ability to retrieve and organize these materials;
5. I suffer from severe medical conditions including chronic pain, PTSD, and depression;
6. These conditions are exacerbated by detention conditions and limited medical access;
7. I have multiple verified sponsors willing to provide supervision and support;
8. I will comply with any conditions the Court deems appropriate for my release;
9. I will not flee or pose any danger to the community if released;
10. The attached statement outlines the specific evidence I need to gather and why it could not have been obtained earlier.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

FOUAD SAEED ABDULKADIR